IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JASON E. FENNER                                                          PLAINTIFF
ADC #127315

V.                                    4:07cv00015-WRW

UNITED STATES OF AMERICA, et al                                          DEFENDANTS

ORDER

On January 8, 2007, Plaintiff, a pro se inmate currently confined to the Maximum

Security Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil

rights action (docket entry #2) on behalf of himself, the United Universal Empire, and

Universal Assemble, along with a separate application to proceed in forma pauperis

pursuant to 28 U.S.C. § 1915 (docket entry #1).   Because Plaintiff's case must be

dismissed, in forma pauperis status need not be addressed.

## I.  Sua Sponte Dismissal

Federal courts are required to screen prisoner complaints seeking relief against a

governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  This

Court is obligated to dismiss a prisoner's in forma pauperis civil action, or a prisoner's in

forma pauperis appeal of the judgment in a civil action, at any time either on its own motion

or on the motion of a party if it determines that the prisoner has, "on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a

court of the United States that was dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury."  Id. § 1915(g).

Section 1915(g) has been held constitutional by <u>Higgins v. Carpenter</u>, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam) ("Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits.  Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; <u>indigent inmates therefore control whether the three-strikes rule is ever applied to them</u>") (emphasis added).

## II.  28 U.S.C. § 1915(g) - Three Strikes Provision

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had three prior complaints dismissed as either frivolous or for failure to state a claim upon which relief may be granted.  Of the six lawsuits Plaintiff has filed since October 2003, one has been dismissed for failure to state a claim upon which relief may be granted,[1] and two have been dismissed for failure to prosecute and failure to comply with the Court's orders, thus making those filings frivolous.[2]

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint (docket entry #2), that he is not in imminent danger of serious physical injury. Specifically, Plaintiff petitions the United States of America through Congress and the

---

[1] See <u>Fenner v. Doe</u>, 4:05CV00486 (dismissed May 26, 2005).

[2] See <u>Fenner v. Does</u>, 4:04CV01235 (dismissed December 1, 2004) (failure to comply with the Court's order to submit either the statutory filing fee in full or an application to proceed in forma pauperis, and an amended complaint); and <u>Fenner v. United States Court</u>, 4:03CV00870 (dismissed February 19, 2004) (failure to comply with the Court's order to submit a new request to proceed in forma pauperis).

Senate to establish and assemble a United Universal Empire and Universal Assemble, where Plaintiff, as the Emperor of the Physical Universal, will rule.

### III.  Conclusion

For the reasons explained herein, Plaintiff's case is DISMISSED WITHOUT PREJUDICE; and all pending motions are DENIED WITHOUT PREJUDICE AS MOOT. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style and number, within thirty (30) days of this order's entry date, along with a motion to reopen the case.  Upon receipt of the motion and full payment, this case will be reopened.

The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 17th day of January, 2007.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE